IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VALERIE STRAMIELLO-YEDNAK,            )
                                      )
            Plaintiff,                )
                                      )
      vs.                             )   Civil Action No. 05-517
                                      )
LARRY PERL and PERL PHARMACY,         )
INC.,                                 )
                                      )
            Defendants.               )

## MEMORANDUM

I

In this civil action, plaintiff, Valerie Stramiello-Yednak,
who was supervised by defendant Larry Perl while she was employed
by defendant Perl Pharmacy, Inc., asserts claims under Title VII
of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e
*et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43
Pa.C.S.A. §§ 951 *et seq.*, for sexual harassment, a hostile work
environment and retaliation.  Presently before the Court is (a)
defendants' motion for summary judgment pursuant to Fed.R.Civ.P.
56, (b) plaintiff's motion to withdraw as party-plaintiff, and
(c) the motion of Jeffrey J. Sikirica ("Sikirica") to intervene
and for leave to file an amended complaint.  For the reasons set
forth below, Sikirica's motion to intervene and for leave to file
an amended complaint will be granted, plaintiff's motion to
withdraw as party-plaintiff will be granted, and defendants'
motion for summary judgment will be denied.

1

II

The following facts are undisputed:

Plaintiff filed this civil action against defendants on April 19, 2005.  Shortly thereafter, on June 30, 2005, plaintiff filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania, and Sikirica was appointed by the Bankruptcy Court to serve as trustee of plaintiff's bankruptcy estate.  (Doc. No. 17, Exhs. 1 and 4).

Pursuant to 11 U.S.C. § 521(1), plaintiff submitted to the Bankruptcy Court, under oath, schedules listing her assets and a statement of her financial affairs.  Plaintiff did not list her Title VII and PHRA claims against defendants in this civil action in either the applicable schedule of assets (Schedule B) or in the statement of her financial affairs.[1]  (Doc. No. 17, Exhs. 1 and 2).  By Orders dated October 24, 2005, (a) plaintiff was

_____

1. Schedule B, relating to a debtor's personal property, includes the following section: "20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give the estimated value of each."  In response to this section of Schedule B, plaintiff indicated that she had no claims.  (Doc. No. 17, Exh. 1).  Similarly, the Financial Statement of Affairs includes the following section: "4. Suits and administrative proceedings, executions, garnishments and attachments," and requires a debtor to "a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case."  In response, plaintiff listed only one civil action which had been filed against her by Vincent Samudosky.  She did not list this civil action against defendants.  (Doc. No. 17, Exh. 2).

granted a "no asset" discharge by the Bankruptcy Court under 11
U.S.C. § 727, (b) Sikirica was discharged as trustee of
plaintiff's bankruptcy estate and (c) plaintiff's bankruptcy case
was closed.   (Doc. No. 17, Exhs. 3 and 4).

On December 22, 2005, defendants moved for summary judgment
in this action, asserting that (1) plaintiff lacks standing to
prosecute the action and (2) plaintiff should be judicially
estopped from pursuing the action based on her failure to
disclose the action in the applicable schedule of assets or in
the statement of her financial affairs submitted to the
Bankruptcy Court, under oath, with her bankruptcy petition.

Subsequently, on January 6, 2006, Sikirica filed a motion in
the Bankruptcy Court to reopen plaintiff's bankruptcy case,
alleging, in summary, the following facts:

> Plaintiff filed a voluntary petition for relief under
> Chapter 7 of the Bankruptcy Code in June, 2005.  On August
> 5, 2005, Sikirica held a meeting of plaintiff's creditors
> after which he filed a report of no distribution with the
> Bankruptcy Court.  Subsequently, on October 24, 2005,
> plaintiff's bankruptcy case was closed.  On December 21,
> 2005, Sikirica received a letter from plaintiff's bankruptcy
> attorney indicating that plaintiff had filed a claim against
> her former employer under Title VII, and that the claim had
> not been listed on plaintiff's original bankruptcy petition.
> Sikirica believes that this claim is an asset of plaintiff's
> bankruptcy estate which may produce funds for distribution
> to plaintiff's creditors.

(Doc. No. 30, Exh. 1).

By Order dated January 24, 2006, the Bankruptcy Court
granted Sikirica's motion to reopen plaintiff's bankruptcy case

3

"for the administration of an unlisted asset." (Doc. No. 30, Exh. 3). The Bankruptcy Court also re-appointed Sikirica to serve as the trustee of plaintiff's bankruptcy estate.

On February 15, 2006, in response to a motion filed by Sikirica, the Bankruptcy Court approved the employment of the Law Firm of Stember Feinstein to prosecute this action. (Doc. No. 30, Exh. 4). Thereafter, on March 1, 2006, Sikirica filed a motion intervene as party-plaintiff in this action asserting that he "has actually been the real party in interest since the filing of [plaintiff]'s bankruptcy petition suit and, as such, he should be permitted to intervene now" (Doc. No. 26),[2] and plaintiff filed a motion to withdraw as party-plaintiff. (Doc. No. 31).

III

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of

_____

2. On March 20, 2006, Sikirica filed a "corrected" motion to intervene in which he also seeks leave to file an amended complaint to reflect the change in plaintiffs. (Doc. No. 33).

4

'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The moving party can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the moving party has met its burden, Fed.R.Civ.P. 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

IV

With respect to defendants' first argument in support of summary judgment, plaintiff concedes, as she must, that she lacks standing to prosecute the Title VII and PHRA claims against defendants in this case. Upon the filing of plaintiff's Chapter 7 bankruptcy petition, this previously filed civil action became

5

part of plaintiff's bankruptcy estate, and Sikirica, as representative of the bankruptcy estate, became the real party in interest with standing to prosecute the action. *See* 11 U.S.C. §§ 323 and 541; In re Upshur, 317 B.R. 446 (N.D.Ga.2004) (Bankruptcy trustee is the only proper party in interest with standing to prosecute causes of action belonging to the estate).

Because the Bankruptcy Court has reopened plaintiff's bankruptcy case for the purpose of administering this unlisted asset for the benefit of plaintiff's creditors and reappointed Sikirica to serve as trustee of plaintiff's bankruptcy estate,[3] the Court concludes that Sikirica's motion to intervene as party-plaintiff, plaintiff's motion to withdraw as party-plaintiff and Sikirica's motion for leave to file an amended complaint to reflect the proper plaintiff should be granted. Under the circumstances, defendants' motion for summary judgment based on plaintiff's lack of standing is moot.

Turning to defendants' second argument in support of summary judgment, the doctrine of judicial estoppel "may be invoked by a court at its discretion 'to preserve the integrity of the judicial system by preventing parties from playing fast and loose with the courts in assuming inconsistent positions.'" *See* Motley

---

3. As noted previously, plaintiff was granted a "no asset" discharge by the Bankruptcy Court. Thus, it appears that a recovery by Sikirica in this case is the only possibility of plaintiff's creditors receiving any money.

v. New Jersey State Police, 196 F.3d 160, 163 (3d Cir.1999).[4]
Three requirements must be met before a district court may
properly apply judicial estoppel: (1) the party to be estopped
must have taken two positions that are irreconcilably
inconsistent; (2) judicial estoppel is unwarranted unless the
party changed his or her position in bad faith, i.e., with intent
to play fast and loose with the court; and (3) a district court
may not employ judicial estoppel unless it is tailored to address
the harm identified and no less sanction would adequately remedy
the damage done by the litigant's misconduct. See Krystal
Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337
F.3d 314, 319 (3d Cir.2003), citing, Montrose Medical Group
Participating Savings Plan v. Bulger, 243 F.3d 773, 779-80 (3d
Cir.2001).

It appears that the precise issue now presented by
defendants' second argument in support of summary judgment, i.e.,
the applicability of the doctrine of judicial estoppel to the
trustee of a debtor's estate based on the debtor's failure to
list a cause of action in the schedules of assets and statement

---

4. Unlike equitable estoppel, judicial estoppel applies to
preclude a party from assuming a position in a legal proceeding
that is inconsistent with one previously asserted. Judicial
estoppel looks to the connection between the litigant and the
judicial system, while equitable estoppel focuses on the
relationship between the parties to prior litigation. See Oneida
Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 419 (3d
Cir.1988).

7

of financial affairs filed by the debtor in the bankruptcy

proceeding,[5] has never been addressed by the Third Circuit.

However, in Parker v. Wendy's Int'l, Inc., 365 F.3d 1268 (11th

Cir.2004), the Eleventh Circuit was presented with this precise

issue.

In Parker, a Chapter 7 trustee intervened in an employment

discrimination action previously brought by a debtor.  The

defendants moved to dismiss the debtor's claims on judicial

estoppel grounds.  Construing the defendants' motion to dismiss

as a motion for judgment on the pleadings, the district court

granted the motion concluding that the trustee was judicially

estopped from pursuing the debtor's discrimination claims on

behalf of her creditors in bankruptcy based on the debtor's

failure to disclose the existence of the discrimination claims

when she filed for Chapter 7 bankruptcy.[6]  On appeal, the

_____

5. With respect to plaintiff's failure to list her Title VII and
PHRA claims against defendants as an asset in her bankruptcy
filings, plaintiff submitted an affidavit in opposition to
defendants' motion for summary judgment which, in summary, states
that plaintiff did not realize that the claims asserted against
defendants in this case should have been listed as an asset of
her bankruptcy estate until she was deposed by defendants on
December 22, 2005; that she never intended to defraud the Court
or her creditors by failing to list these claims on her
bankruptcy schedules; and that upon learning that these claims
should have been listed, she immediately contacted her bankruptcy
counsel who, in turn, contacted the Trustee for her bankruptcy
estate.  (Doc. No. 30, Exh. 2).

6. Like plaintiff, the debtor in Parker had been granted a "no
asset" discharge by the bankruptcy court.  365 F.3d at 1269.

8

Eleventh Circuit reversed, holding that judicial estoppel did not

apply because the party pursuing the case against the employer

was not the debtor but the bankruptcy trustee who had not made

any inconsistent statements to the court.  The Eleventh Circuit

stated in relevant part:

                    *    *    *

     Trustee Reynolds concedes that Parker took inconsistent
positions in bankruptcy court and district court.  Reynolds
argues that Parker's inconsistent statements should not be
attributed to him and that, even if judicial estoppel would
bar Parker, it should not bar Reynolds from pursuing this
claim on behalf of Parker's creditors.  Reynolds contends
that judicial estoppel should not apply to him, as
bankruptcy trustee, because he did not know of the
discrimination claim during the bankruptcy proceedings and,
therefore, did not take inconsistent positions in the
courts.  Moreover, Reynolds posits that applying judicial
estoppel to him would not serve the policy of encouraging
honest disclosure to the courts because Reynolds was never
dishonest with the courts.

     The correct analysis here compels the conclusion that
judicial estoppel should not be applied at all....

     Generally speaking, a pre-petition cause of action is
the property of the Chapter 7 bankruptcy estate, and only
the trustee in bankruptcy has standing to pursue it.  Barger
v. City of Cartersville, 348 F.3d 1289, 1292 (11th Cir.
2003).  Section 541 of the Bankruptcy Code provides that
virtually all of a debtor's assets, both tangible and
intangible, vest in the bankruptcy estate upon the filing of
a bankruptcy petition.  11 U.S.C. § 541(a)(1)(providing that
the bankruptcy estate includes "all legal or equitable
interest of the debtor in property as of the commencement of
the case").  Such property includes causes of action
belonging to the debtor at the commencement of the
bankruptcy case.  Barger, 348 F.3d at 1292.  Thus, a
trustee, as the representative of the bankruptcy estate, is
the proper party in interest, and is the only party with
standing to prosecute causes of action belonging to the
estate.  11 U.S.C. § 323; Barger, 348 F.3d at 1292.

                           9

> Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to Section 554 of the Bankruptcy Code. *See* 11 U.S.C. § 554(a)-(c). At the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings remains the property of the estate. 11 U.S.C. § 554(d). (footnote omitted). Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate. Mobility Systems & Equip. Co. v. United States, 51 Fed.Cl. 233, 236 (Fed.Cl.2001)(citing cases); *see* Vreugdenhill v. Navistar Int'l Transp. Corp., 950 F.2d 524, 525-26 (8th Cir. 1991).
>
> In this case, Parker's discrimination claim became an asset of the bankruptcy estate when she filed her petition. Reynolds, as trustee, then became the real party in interest in Parker's discrimination suit. He has never abandoned Parker's discrimination claim and he never took an inconsistent position under oath with regard to this claim. Thus, Reynolds cannot now be judicially estopped from pursuing it.
>
> * * *

365 F.3d at 1271-72.

After consideration, the Court finds the Eleventh Circuit's analysis persuasive and adopts it. Simply put, because Sikirica has never taken inconsistent positions in the courts regarding the existence of the Title VII and PHRA claims in this action, he cannot be judicially estopped from pursuing such claims for the benefit of plaintiff's creditors.[7] Accordingly, defendants are

---

7. *Cf.* Wieburg v. GTE Southwest Inc., 272 F.3d 302 (5th Cir.2001)(It was an abuse of discretion for the district court to dismiss employment discrimination action on ground that plaintiff lacked standing because the claim was the property of her bankruptcy estate, without explaining why the less drastic alternatives of either allowing an opportunity for ratification (continued...)

not entitled to judgment in their favor as a matter of law on
judicial estoppel grounds with respect to Sikirica.[8]

An order follows.

Arthur J. Schwab
United States District Judge
for
William L. Standish
United States District Judge

Date: April 28, 2006

---

(...continued)

by the bankruptcy trustee, or joinder of the trustee, were
inappropriate, especially since dismissal of action after statute
of limitations had expired meant that creditors would have no
possibility of recovery).

8. The summary of schedules submitted to the Bankruptcy Court by
plaintiff indicates that plaintiff had a total of $67,066.83 in
liabilities at the time she filed her Chapter 7 bankruptcy
petition. As noted by the Eleventh Circuit in Parker, in the
event Sikirica recovers money damages from defendants in excess
of the amount necessary to satisfy all of plaintiff's creditors,
defendants may invoke judicial estoppel at that time to limit the
recovery to only that amount. Id. at 1273 n.4.  Thus,
defendants' motion for summary judgment on judicial estoppel
grounds is denied without prejudice.

11